Matter of Rauschenbach (2023 NY Slip Op 05506)

Matter of Rauschenbach

2023 NY Slip Op 05506

Decided on November 1, 2023

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
LILLIAN WAN, JJ.

2023-03986

[*1]In the Matter of Ronald John Rauschenbach, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Ronald John Rauschenbach, respondent. (Attorney Registration No. 2815553)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Ninth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 30, 1997.

Courtny Osterling, White Plains, NY (Glenn E. Simpson of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
On May 3, 2023 the Grievance Committee for the Ninth Judicial District personally served the respondent, by physical delivery to the respondent, with a notice of petition and a verified petition, both dated April 27, 2023, and duly filed those papers with this Court together with an affidavit of service. The petition contains four charges of professional misconduct alleging, inter alia, that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, and engaged in conduct prejudicial to the administration of justice by failing to timely and/or fully cooperate with the Grievance Committee's investigation of a complaint concerning his professional conduct, in violation of rule 8.4(h), (c) and (d) of the Rules of Professional Conduct (22 NYCRR 1200.0).
The notice of petition directed the respondent to serve and file his answer to the verified petition within 20 days after service upon him of the notice of petition and the verified petition. To date, the respondent has neither served nor filed an answer to the verified petition, as directed.
The Grievance Committee now moves to deem the charges against the respondent established based upon his default and to impose such discipline upon him as this Court deems appropriate. Although the motion papers were served upon the respondent on July 11, 2023, he has neither opposed the motion nor interposed any response thereto.
By separate motion, the Grievance Committee moves, inter alia, to immediately suspend the respondent from the practice of law pursuant to 22 NYCRR 1240.9(a)(3) and (5), based upon uncontroverted evidence of the respondent's professional misconduct and failure to comply with a lawful demand of the Grievance Committee in an investigation or proceeding. To date, the respondent has neither opposed the motion nor interposed any response thereto.
Accordingly, the Grievance Committee's motion to deem the charges against the respondent established based upon his default is granted, the charges in the verified petition dated [*2]April 27, 2023, are deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law. The separate motion, inter alia, to immediately suspend the respondent from the practice of law is denied as academic.
LASALLE, P.J., DILLON, DUFFY, BARROS and WAN, JJ., concur.
ORDERED that the motion of the Grievance Committee to deem the charges in the verified petition dated April 27, 2023, established is granted, and the Grievance Committee's separate motion, inter alia, pursuant to 22 NYCRR 1240.9(a)(3) and (5) to immediately suspend the respondent, Ronald John Rauschenbach, from the practice of law is denied as academic; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Ronald John Rauschenbach, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Ronald John Rauschenbach, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Ronald John Rauschenbach, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Ronald John Rauschenbach, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Acting Clerk of the Court